UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

THOMAS E. BEHNKE and JEANENE
MARIE BEHNKE,

        Debtors.

_____/

THOMAS E. BEHNKE and JEANENE
MARIE BEHNKE,

        Plaintiffs,

v.

AMERICAN EDUCATION SERVICES,
SALLIE MAE, PERFORMANT
RECOVERY, INC., and WELLS FARGO
EDUCATIONAL FINANCIAL SERVICES,

        Defendants.

_____/

Case No. DM 13-90499
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 14-99006

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

I. INTRODUCTION

In this action to declare certain student loan obligations discharged as imposing an undue hardship on plaintiffs Thomas E. and Jeanene Marie Behnke (the "Behnkes" or "Plaintiffs"), defendant Wells Fargo Educational Financial Services ("Wells Fargo" or "Defendant") has filed its Motion for Summary Judgment Pursuant to Fed. Bankruptcy Rule 7056 (the "Motion," DN 28). The Motion, premised largely on the Behnkes' admissions under Fed. R. Civ. P. 36, drew no response —even after the court gave additional notice of its intent to rule on the Motion. The court has reviewed the Motion

and the docket more generally, and finds that the Motion establishes a right to relief in Wells Fargo's favor.

## II. JURISDICTION AND AUTHORITY

The United States District Court has jurisdiction over the Plaintiffs' bankruptcy case pursuant to 28 U.S.C. § 1334, and has referred the case and this adversary proceeding to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and LCivR 83.2(a)(W.D. Mich.). The court regards the adversary proceeding as a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) (exceptions to discharge). Regardless, the parties have consented to this court's entry of final judgment in accordance with the Pretrial Order dated August 27, 2014.

## III. ANALYSIS

As the court noted in its Pretrial Order, today's decision is guided by the *Brunner* test, named for the Second Circuit's decision in *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987). That test requires a debtor to prove by a preponderance of the evidence:

> (1) that the debtor cannot maintain, based on current income and
> expenses, a "minimal" standard of living for [himself] and [his]
> dependents if forced to repay the loans; (2) that additional
> circumstances exist indicating that this state of affairs is likely to
> persist for a significant portion of the repayment period of the student

loans; and (3) that the debtor has made good faith efforts to repay the

loans.

*Oyler v. Educ. Credit Mgmt. Corp.*, 397 F.3d 382, 385 (6th Cir. 2005) (quoting *Brunner,* 831 F.2d at 396). To satisfy the second prong, a debtor must show that circumstances indicate a "certainty of hopelessness, not merely a present inability to fulfill financial commitment." *Id.* at 386 (quoting *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir. 1993)); *see also In re Hornsby*, 144 F.3d 433, 438 (6th Cir. 1998) (observing that debtors "need not live in abject poverty before a discharge is forthcoming").

In support of the Motion, Wells Fargo refers the court to the Affidavit of Logan Whelchel ("Whelchel Affidavit") and the fact that the Behnkes did not respond either to Wells Fargo's written discovery requests or its requests for admissions under Fed. R. Civ. P. 36. The latter omission is most damning to the Plaintiffs' case because "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). By failing to respond to Wells Fargo's carefully crafted request for admissions, the Behnkes have "conclusively established" their inability to prove each of the elements of the *Brunner* test. Fed. R. Civ. P. 36(b).

The Whelchel Affidavit fortifies this conclusion with respect to the good faith element of the test, establishing without contradiction that the Plaintiffs have made no significant effort, let alone a good faith effort, to repay the student loans.

In view of the foregoing, there is no genuine issue of material fact. Fed. R. Civ. P. 56(a). Requiring repayment of the Plaintiffs' student loans will not impose an undue hardship within the meaning of 11 U.S.C. § 523(a)(8). Accordingly, Wells Fargo is entitled to judgment as a matter of law.

## IV. CONCLUSION

This adversary proceeding originally began with a complaint filed against several defendants. The Plaintiffs' claims against Sallie Mae have been resolved by stipulation and order (DNs 10 & 11), and their claims against American Education Services have been dismissed after motion and order (DNs 12 & 17). The claims against Wells Fargo have now been resolved in favor of that defendant.

As the court noted in its Pretrial Order, the Clerk has entered the default of defendant Performant Recovery, Inc. under Fed. R. Civ. P. 55(a). Yet, the Plaintiffs, have not moved for default judgment. The court also recognizes that the Plaintiffs did not participate in the pretrial conference in August, did not respond to discovery requests, and did not oppose the present Motion —all of which suggests their failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Nevertheless, in view of the single judgment rule of Fed. R. Civ. P. 54(b), and notwithstanding the court's decision to grant Wells Fargo's Motion, the Clerk shall postpone entry of final judgment to give Plaintiffs a short opportunity to persuade the

court that the balance of their claims should not be dismissed for failure to prosecute or pursuant to Fed. R. Civ. P. 56(f)(1). The court strives to avoid entering inconsistent judgments.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 28) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment dismissing the Plaintiffs' claims against all parties promptly upon the passage of 14 days after entry of this Memorandum of Decision and Order, unless (within that 14 day period) the Plaintiffs file an appropriate motion opposing entry of such a judgment.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jesse J. Monville, Esq., and John D. Stoddard, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 4, 2014**



_____
Scott W. Dales
United States Bankruptcy Judge